2024 IL App (2d) 230568
No. 2-23-0568
Opinion filed March 4, 2024

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Kane County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 23-CF-2617 |
| ISMAEL LUNA, | ) ) | Honorable Salvatore LoPiccolo, Jr., |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE SCHOSTOK delivered the judgment of the court, with opinion.
Justices Hutchinson and Mullen concurred in the judgment and opinion.

**OPINION**

¶ 1    On December 5, 2023, the defendant, Ismael Luna, was charged with two counts of aggravated driving under the influence (DUI), sixth or more subsequent violation (625 ILCS 5/11-501(a)(1)-(2), (d)(2)(E) (West 2022)), and two counts of aggravated DUI based on his license being suspended or revoked (*id.* § 11-501(a)(1), (d)(1)(G)). The circuit court of Kane County granted the State's verified petition to deny the defendant's pretrial release pursuant to section 110-6.1 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/110-6.1 (West 2022)). The defendant appeals. We affirm.

¶ 2     This appeal is brought pursuant to Public Act 101-652, § 10-255 (eff. Jan. 1, 2023), commonly known as the Pretrial Fairness Act (Act).[1] See Pub. Act 102-1104, § 70 (eff. Jan. 1, 2023) (amending various provisions of the Act); *Rowe v. Raoul*, 2023 IL 129248, ¶ 52 (lifting stay and setting effective date of Act as September 18, 2023). The Act abolished traditional monetary bail in favor of pretrial release on personal recognizance or with conditions of release. Pub. Act 101-652 (eff. Jan. 1, 2023) (amending 725 ILCS 5/110-1.5, 110-2(a)).

¶ 3     In Illinois, all persons charged with an offense are eligible for pretrial release. 725 ILCS 5/110-2(a), 110-6.1(e) (West 2022). Pretrial release is governed by article 110 of the Code as amended by the Act. *Id.* §§ 110-1 to 110-14. Under the Code, as amended by the Act, a defendant's pretrial release may only be denied in certain statutorily limited situations (qualifying offenses). *Id.* §§ 110-2(a), 110-6.1(e).

¶ 4     Upon filing a verified petition requesting denial of pretrial release, the State has the burden to prove, by clear and convincing evidence, that (1) the proof is evident or the presumption great that the defendant has committed a qualifying offense (*id.* § 110-6.1(e)(1)), (2) the defendant's pretrial release would pose a real and present threat to the safety of any person or persons or the community (*id.* § 110-6.1(e)(2)), and (3) no condition or combination of conditions can mitigate the real and present threat to the safety of any person or the community or prevent the defendant's willful flight from prosecution (*id.* § 110-6.1(e)(3)). "Evidence is clear and convincing if it leaves

---

[1]The Act has also been referred to as the "Safety, Accountability, Fairness and Equity-Today (SAFE-T) Act." Neither of those names is official, as neither appears in the Illinois Compiled Statute or the public act. *Rowe v. Raoul*, 2023 IL 129248, ¶ 4 n.1.

no reasonable doubt in the mind of the trier of fact as to the truth of the proposition in question ***." *Chaudhary v. Department of Human Services*, 2023 IL 127712, ¶ 74.

¶ 5 In his appeal, the defendant argues that the State did not show, by clear and convincing evidence, that any of these three requirements were met.

¶ 6 The State filed charges against the defendant after he was found in the driver's seat of a vehicle passed out with an empty Jack Daniel's bottle next to him. The vehicle was in a parking lot and had several areas of damage, including the front driver's side, rear taillight, and the passenger's side body panel, which was mostly off the vehicle. A utility pole near the parking lot's exit showed indications of collision. Also, near the metal sign for the business in the parking lot, there were broken pieces of red taillight where the metal post for the sign appeared to have been struck. After observing all this damage, a police officer concluded that the vehicle attempted to leave the parking lot and then struck a utility pole. The vehicle then backed into the sign, breaking the rear taillight. The defendant was taken to the hospital, which determined he had a blood alcohol content of 0.27. The record reveals that the defendant had seven prior DUI convictions and that he had not had a driver's license since 1989.

¶ 7 To be convicted of aggravated DUI, sixth or more violations, the State needed to show, *inter alia*, that the defendant (1) was in physical control of a vehicle (2) while intoxicated or while having a blood alcohol level exceeding 0.08. 625 ILCS 5/11-501(a) (West 2022). The defendant challenges only the first element, arguing that the State did not prove by clear and convincing evidence that he had actual physical control of the car, because the State's only evidence was that he was in the driver's seat. He insists there was no evidence that he drove the car, that the car was running or had recently been running, that the keys were in the ignition, that he possessed the keys, or that the keys belonged to him.

¶ 8 The defendant need not be observed driving a vehicle. *People v. Niemiro*, 256 Ill. App. 3d 904, 909 (1993). Rather, the State must show that the defendant was in actual physical control of a vehicle while intoxicated. *Id.* Whether a defendant was in control of a vehicle is considered on a case-by-case basis. *People v. Davis*, 205 Ill. App. 3d 431, 435 (1990).

¶ 9 The fact that the defendant was found passed out in the driver's seat of a crashed vehicle is one indicium that he was in physical control of a vehicle. *Niemiro*, 256 Ill. App. 3d at 909. For the purposes of the detention hearing, this was sufficient for the State to meet its burden that the defendant had committed a qualifying (or detainable) offense. We note that the evidence required at a detention hearing is less than required at trial. See 725 ILCS 5/110-6.1(f)(4) (West 2022) (the pretrial detention hearing is not to be used for purposes of discovery, and the postarraignment rules of discovery do not apply); see also *id.* § 110-6.1(f)(5) (the rules concerning the admissibility of evidence in criminal trials do not apply to the presentation and consideration of information at the hearing). At trial, the State can produce additional evidence that the defendant committed the charged offenses, and the defendant can challenge the sufficiency of that evidence.

¶ 10 The defendant next argues that the State did not show, by clear and convincing evidence, that his release would pose a real and present threat to anyone's physical safety, and thus, the trial court erred in finding that this element was met. As noted, "[e]vidence is clear and convincing if it leaves no reasonable doubt in the mind of the trier of fact as to the truth of the proposition in question ***." *Chaudhary*, 2023 IL 127712, ¶ 74. We review the court's decision to deny pretrial release under a bifurcated standard. *People v. Trottier*, 2023 IL App (2d) 230317, ¶ 13. Specifically, we review under the manifest-weight-of-the-evidence standard the court's factual findings as to dangerousness, flight risk, and whether conditions of release could mitigate those risks. *Id.* A finding is against the manifest weight of the evidence only where it is unreasonable or

not based on the evidence presented.[2] *Id.* We review for an abuse of discretion the trial court's ultimate determination regarding pretrial release. *Id.* An abuse of discretion occurs when the trial court's decision is unreasonable. *Id.*

¶ 11   A trial court making a determination of a defendant's dangerousness must base its conclusion on the "specific articulable facts of the case," not merely generalizations, and it may consider, among other things, (1) the nature and circumstances of any charged offense, including whether it is a crime of violence or a sex crime or involved a weapon; (2) the defendant's characteristics and history, including any criminal history indicative of violent, abusive, or assaultive behavior and any psychological history indicative of a violent, abusive, or assaultive nature or the lack of any such history; (3) the identity of the person believed to be at risk from the defendant and the nature of the threat; (4) statements by the defendant and the circumstances of such statements; (5) the age and physical condition of the defendant; (6) the age and physical condition of any victim or complaining witness; (7) the defendant's access to any weapon; (8) whether the defendant was on probation, parole, or the like at the time of the charged offense or any other arrest or offense; and (9) any other factors that have a reasonable bearing on the defendant's propensity for violent, abusive, or assaultive behavior or the lack of such behavior. 725 ILCS 5/110-6.1(g) (West 2022).

---

[2]There may be instances in which a trial court's factual findings are reviewed *de novo* because of the nature of the evidence presented. See *Addison Insurance Co. v. Fay*, 232 Ill. 2d 446, 453 (2009). But see *Evans v. Cook County State's Attorney*, 2021 IL 125513, ¶ 38. Neither party contends that is the case here, however.

¶ 12 The defendant argues that the State did not show that he posed a real and present threat to public safety. The defendant insists that the trial court did not make an individualized finding of his threat to community safety but instead relied on the general dangerousness of the charged offenses. Our review of the record shows that the defendant's assertion is incorrect. In determining that the defendant was a danger to others, the trial court noted that the defendant had seven prior DUI convictions. Additionally, the trial court noted that the defendant's vehicle "crashed on 2 separate posts and signs trying to exit the parking lot" where he was found. This latter finding demonstrates that the trial court made an individualized determination that the defendant was a danger to others and did not just rely on the inherent dangerousness of his past DUI convictions. As such, the trial court did not abuse its discretion in determining that the defendant was dangerous to others.

¶ 13 The defendant's last argument is that the State failed to prove that no conditions or combination of conditions could have mitigated the threat to the community and that the trial court failed to adequately consider alternatives to pretrial detention. Specifically, the defendant contends that the trial court erred in rejecting conditions that would mitigate any purported threat to the community, such as ordering he wear a secure continuous remote alcohol monitor (SCRAM) device and be subject to electronic home monitoring (EHM).

¶ 14 Under section 110-6.1(e)(3) of the Code, an order for pretrial detention must be based on, among other things, clear and convincing evidence that "no condition or combination of conditions" of pretrial release can mitigate the real and present threat to safety posed by the defendant. *Id.* § 110-6.1(e)(3). If the trial court finds that the State proved a valid threat to someone's safety or the community's safety, it must then determine what pretrial release conditions, "if any, will reasonably ensure the appearance of a defendant as required or the safety

of any other person or the community." *Id.* § 110-5(a). In making this determination, the trial court should consider (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant; (4) the nature and seriousness of the specific, real, and present threat to any person that the defendant's release would pose; and (5) the risk that the defendant will obstruct or attempt to obstruct the criminal justice process. *Id.* No single factor is dispositive. *Trottier*, 2023 IL App (2d) 230317, ¶ 12. As with the finding of dangerousness, we review under the manifest-weight-of-the-evidence standard a trial court's finding of whether the imposition of conditions on a defendant's pretrial release would mitigate the safety risk posed by the defendant. *Id.* ¶ 13.

¶ 15    In considering this factor, the trial court noted that the defendant had not had a valid driver's license since 1989, yet he continued to drive and had accumulated five DUI convictions since that date. The trial court found that there was a "real and present threat" of the defendant drinking and driving. The trial court found that neither a SCRAM device nor EHM would prevent the defendant from drinking and driving. As such, the trial court ordered that the defendant be detained until trial. We cannot say that the trial court's order was against the manifest weight of the evidence.

¶ 16    In so ruling, we are unpersuaded by the defendant's reliance on *People v. Herrera*, 2023 IL App (1st) 231801, and *People v. Atterberry*, 2023 IL App (4th) 231028. In *Herrera*, the trial court rejected the defendant's suggestion that he be ordered to wear a SCRAM device as a condition of pretrial release, finding that it did not have the authority to order SCRAM under the Act. *Herrera*, 2023 IL App (1st) 231801, ¶ 25. The reviewing court vacated the trial court's order, explaining that SCRAM was a viable condition of release. *Id.* ¶ 32. Here, the trial court did not

find it lacked the authority to order SCRAM. Instead, it determined that it was inappropriate under the circumstances.

¶ 17    In *Atterberry*, the trial court relied in part on information outside the record in determining that pretrial release conditions were "loosely monitored" and, therefore, inadequate to protect others from the defendant. *Atterberry*, 2023 IL App (4th) 231028, ¶ 17. The reviewing court reversed the trial court's decision, determining that "a court should not rule out pretrial release for a defendant based on a general perception that conditions of release are loosely monitored." *Id.* ¶ 18. Here, the trial court's concern was not that imposing SCRAM would be "loosely monitored." Instead, it found that that condition would be ineffective based on the defendant's long history of drinking and driving.

¶ 18    For the foregoing reasons, we affirm the judgment of the circuit court of Kane County.

¶ 19    Affirmed.

*People v. Luna*, 2024 IL App (2d) 230568

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Kane County, No. 23-CF-2617; the Hon. Salvatore LoPiccolo Jr., Judge, presiding. |
| **Attorneys for Appellant:** | James E. Chadd and Carolyn R. Klarquist, of State Appellate Defender's Office, of Chicago, for appellant. |
| **Attorneys for Appellee:** | Patrick Delfino and David J. Robinson, of State's Attorneys Appellate Prosecutor's Office, of Springfield, for the People. |