2025 IL App (2d) 250105-U
No. 2-25-0105
Order filed June 20, 2025

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT
_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Kane County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 25-CF-413 |
| BRIAN AGUILAR, | ) ) ) | Honorable Donald M. Tegeler, Jr., |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE SCHOSTOK delivered the judgment of the court.
Justices Jorgensen and Birkett concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The trial court did not err in granting the State's petition to deny defendant pretrial release.

¶ 2    Defendant, Brian Aguilar, appeals from the trial court's order denying him pretrial release under article 110 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/art. 110 (West 2022)), as amended by Public Act 101-652 (eff. Jan. 1, 2023), sometimes informally called the Pretrial Fairness Act (Act).  See Pub. Act 102-1104, § 70 (eff. Jan. 1, 2023) (amending various provisions of Public Act 101-652); *Rowe v. Raoul*, 2023 IL 129248, ¶ 52 (lifting stay and setting effective date as September 18, 2023).  We affirm.

¶ 3                                    I. BACKGROUND

¶ 4     On February 23, 2025, the State charged defendant with ten felony offenses, including the class X felonies of armed violence (720 ILCS 5/33A-2(a) (West 2022)) and unlawful use of a weapon involving a fully automatic firearm (720 ILCS 5/24-1(a)(7)(i) (West 2022)).

¶ 5     That same day, the trial court conducted a hearing on the State's verified petition to deny pretrial release (See 725 ILCS 5/110-6.1 (West 2022)). At the hearing, the State entered into evidence: (1) the police synopsis from the Aurora police department; (2) defendant's criminal history; (3) defendant's IDOC parole records and (4) and a Public Safety Assessment, which indicated defendant's new violent criminal activity score was a 4 and his failure-to-appear score was a 2.

¶ 6     According to the police synopsis, on February 22, 2025, the police conducted a traffic stop of a Kia Sportage. The car was driven by Daysj Bawuah and defendant was her passenger. Police knew that defendant was a Sureno 13 gang member currently on parole for a previous firearms case. Police observed, in plain view, a Glock 19 semi-automatic handgun immediately behind defendant's passenger seat. The gun was equipped with a machine-gun conversion device and loaded with 35 9mm rounds. As neither the driver nor defendant had FOID cards, both were placed into custody.

¶ 7     In talking with the police, defendant admitted to the police that he was a Sureno street gang member. Bawuah stated that she was the main driver of the vehicle and was certain that there was no firearm in her vehicle when she left her residence. Defendant entered her vehicle in the front passenger seat. When she and defendant saw the squad car and flashing lights, defendant told her to "Skurt off! Skurt off!" which meant to drive away. Bawuah volunteered to give a DNA sample to test against the weapon.

¶ 8    Defendant's criminal history indicated that he had prior juvenile adjudications for aggravated discharge of a firearm and robbery, adult convictions in 2022 for unlawful possession of a weapon by a street-gang member and aggravated fleeing, and that he committed the instant offenses while on parole, less than six months after his release from the Department of Corrections.

¶ 9    At the close of the hearing, the trial court ordered that defendant be detained until trial. The trial court determined that there was clear and convincing evidence that the proof was evident and the presumption great that defendant had committed the offenses for which he was charged. The trial court noted Bawuah's statement that there was no firearm in the vehicle before she picked him up and that defendant instructed her to drive away upon seeing the police. The trial court found that defendant was a danger to the community based on his gang membership, his repeated weapon offenses, and the lethality of the fully automatic firearm. The trial court further found that, based on defendant's noncompliance with parole, his orders not to possess a weapon, and that he was committing the offenses while away from his home, there were no conditions less than detention that could mitigate his real and present threat to the community.

¶ 10    Defendant filed a motion for relief. Defendant argued that there was not sufficient evidence to prove that the gun was his because Bawuah's statements to the contrary were self-serving and unreliable. He argued that the State did not prove that he was dangerous because the weapon was discovered at a traffic stop and no actual injury occurred. He further insisted that the trial court erred in concluding that there were no conditions less than detention that would mitigate his alleged threat to the community.

¶ 11    On March 5, 2025, following a hearing, the trial court denied defendant's motion for relief. The trial court noted defendant's possession of a fully automatic weapon with 35 rounds, his parole

status, and his history of non-compliance with court orders. Defendant thereafter filed a timely notice of appeal.

¶ 12                                    II. ANALYSIS

¶ 13     All persons charged with an offense are eligible for pretrial release. 725 ILCS 5/110-2(a), 110-6.1(e) (West 2022). Pretrial release is governed by article 110 of the Code as amended by the Act. *Id.* § 110-1 *et seq.* Under the Code, as amended by the Act, a defendant's pretrial release may only be denied in certain statutorily limited situations. *Id.* §§ 110-2(a), 110-6.1(e).

¶ 14     Upon filing a verified petition requesting denial of pretrial release, the State has the burden to prove, by clear and convincing evidence, that (1) the proof is evident or the presumption great that defendant has committed a qualifying offense (*id.* § 110-6.1(e)(1)), (2) defendant's pretrial release would pose a real and present threat to the safety of any person or persons or the community (*id.* § 110-6.1(e)(2)), and (3) no condition or combination of conditions can mitigate the real and present threat to the safety of any person or the community or prevent defendant's willful flight from prosecution (*id.* § 110-6.1(e)(3)). "Evidence is clear and convincing if it leaves no reasonable doubt in the mind of the trier of fact as to the truth of the proposition in question ***." *Chaudhary v. Department of Human Services*, 2023 IL 127712, ¶ 74.

¶ 15     Under the recent supreme court decision in *People v. Morgan*, 2025 IL 130626, ¶ 54, when, as in this case, the parties to a pretrial detention hearing proceed solely on the basis of documentary evidence, and no live testimony is presented, "the reviewing court is not bound by the circuit court's factual findings and may therefore conduct its own independent *de novo* review of the proffered evidence and evidence otherwise documentary in nature." Under *de novo* review, "we perform the same analysis that the trial [court] would perform using the proper standards." *People v. Ruhl*, 2021 IL App (2d) 200402, ¶ 69.

¶ 16    In the present case, defendant did not file a memorandum with this court, choosing instead to stand on the arguments he made in his motion for relief. See Ill. S. Ct. R. 604(h)(7) (eff. Apr. 15, 2024) (establishing that the motion for relief will serve as the appellant's argument on appeal, and allowing, but not requiring, the appellant to file an additional memorandum in support). Thus, on appeal we are limited to the arguments made in defendant's motion.

¶ 17    Defendant first argues that the State failed to provide clear and convincing evidence that he committed the charged offense. Section 6.1(f)(2) of the Act provides that the State "may present evidence at the hearing by way of proffer based on reliable information." 725 ILCS 5/110-6.1(f)(2) (West 2022). Further, the evidence required at a detention hearing is less than would be required at trial. *Id.* § 110-6.1(f)(4) (pre-trial detention hearing is not to be used for purposes of discovery, and the post arraignment rules of discovery do not apply); *Id.* § 110-6.1(f)(5) (rules concerning the admissibility of evidence in criminal trials do not apply to the presentation and consideration of information at the hearing). As such, the Act requires only that the evidence be reliable, not that it be equivalent to what would be required at trial.

¶ 18    The police synopsis that the State submitted in this case met that standard. Police discovered a fully automatic weapon behind where defendant was sitting in the car. Bawuah, the only other person in the car, stated that there was not a gun in the car when she left her residence and that the gun was not hers. She also stated that defendant told her to drive away upon seeing the police, which indicates that defendant knew there was a gun in the car that he was not authorized to have. Defendant argues that Bawuah's statement is self-serving and not reliable. However, Bawuah's credibility is a matter to be resolved at trial, not at a detention hearing. See *People v. Luna*, 2024 IL App (2d) 230568, ¶ 9 (evidence required at a detention hearing is less than required at trial).

¶ 19    Defendant next argues that the State failed to present clear and convincing evidence that he posed a threat to the community. He contends that the discovered gun did not present a risk to anyone because it was discovered at a traffic stop and no actual injury occurred. Defendant's argument is without merit. The record establishes that he has repeatedly possessed firearms when he was not legally allowed to do so. "[T]he inherent dangerousness of firearms, particularly when they are in possession of those who have been prohibited from possessing them" has been well recognized. *People v. Lee*, 2024 IL App (1st) 232137, ¶ 27; see *People v. Ross*, 229 Ill. 2d 255, 275 (2008) (explaining that "loaded guns" are part of a category of weapons that are "dangerous *per se*"). Under these circumstances, the State established that defendant poses a real and present threat to the community.

¶ 20    Finally, we similarly reject defendant's contention that conditions of release could mitigate his dangerousness. Defendant's repeated failure "to comply with the limitations placed upon him, by possessing a weapon while prohibited from doing so," suggest that no conditions of release could mitigate his dangerousness. *Lee*, 2024 IL App (1st) 232137, ¶ 33. Lesser conditions would not prevent defendant from obtaining additional firearms, associating with gang members, or engaging in violent activity, all risks established in the record. As such, we believe the State met its burden of showing that no conditions of release could mitigate the threat posed by defendant.

¶ 21                                III. CONCLUSION

¶ 22    For the reasons stated, we affirm the judgment of the circuit court of Kane County.

¶ 23    Affirmed.